# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS | : | Master File No. 12-md-02311 |
| ANTITRUST LITIGATION | : | Honorable Marianne O. Battani |
| | : | |
| In Re: Wire Harness | : | Case No. 2:12-cv-00102 |
| In Re: Instrument Panel Clusters | : | Case No. 2:12-cv-00202 |
| In Re: Fuel Senders | : | Case No. 2:12-cv-00302 |
| In Re: Heater Control Panels | : | Case No. 2:12-cv-00402 |
| In Re: Bearings | : | Case No. 2:12-cv-00502 |
| In Re: Alternators | : | Case No. 2:13-cv-00702 |
| In Re: Anti Vibrational Rubber Parts | : | Case No. 2:13-cv-00802 |
| In Re: Windshield Wiper Systems | : | Case No. 2:13-cv-00902 |
| In Re: Radiators | : | Case No. 2:13-cv-01002 |
| In Re: Starters | : | Case No. 2:13-cv-01102 |
| In Re: Ignition Coils | : | Case No. 2:13-cv-01402 |
| In Re: Motor Generators | : | Case No. 2:13-cv-01502 |
| In Re: HID Ballasts | : | Case No. 2:13-cv-01702 |
| In Re: Inverters | | Case No. 2:13-cv-01802 |
| In Re: Electronic Powered Steering Assemblies | | Case No. 2:13-cv-01902 |
| In Re: Air Flow Meters | | Case No. 2:13-cv-02002 |
| In Re: Fan Motors | | Case No. 2:13-cv-02102 |
| In Re: Fuel Injection Systems | | Case No. 2:13-cv-02202 |
| In Re: Power Window Motors | | Case No. 2:13-cv-02302 |
| In Re: Automatic Transmission Fluid Warmers | | Case No. 2:13-cv-02402 |
| In Re: Valve Timing Control Devices | | Case No. 2:13-cv-02502 |
| In Re: Electronic Throttle Bodies | | Case No. 2:13-cv-02602 |
| In Re: Air Conditioning Systems | | Case No. 2:13-cv-02702 |
| In Re: Windshield Washer Systems | | Case No. 2:13-cv-02802 |
| In Re: Spark Plugs | | Case No. 2:15-cv-03002 |
| In Re: Automotive Hoses | | Case No. 2:15-cv-12893 |
| In Re: Power Window Switches | | Case No. 2:16-cv-03902 |
| In Re: Ceramic Substrates | | Case No. 2:16-cv-12194 |

THIS DOCUMENT RELATES TO
AUTOMOBILE DEALERSHIP ACTIONS

**LAW OFFICES OF GEORGE A. BARTON, P.C.'S MOTION FOR LEAVE TO FILE ITS MOTION FOR AN AWARD OF ATTORNEYS' FEES RELATED TO ITS REPRESENTATION OF THE KANSAS AND NEVADA AUTO DEALER PLAINTIFFS AND TO BE HEARD ON ITS MOTION FOR ATTORNEYS' FEES AT THE NOVEMBER 16, 2016 FINAL APPROVAL HEARING**

The Law Offices of George A. Barton, P.C. ("the Barton Law Firm"), attorneys for the Kansas and Nevada Auto Dealer Plaintiffs Dale Martens Nissan Subaru, Inc., Green Team of Clay Center, Inc., Ancona Enterprises, Inc. d/b/a Frank Ancona Honda, Herb Hallman Chevrolet, Inc., Reno Dodge Sales, Inc., and Bill Pearce Honda, request leave from the Court's March 23, 2012 Order providing that only Co-Lead Counsel or Liaison Counsel may initiate or file any motion in the Automobile Dealer Actions.  The Barton Law Firm is making this request for leave in order to file its Motion for an Award of Attorney' Fees Related to Its Representation of the Kansas and Nevada Auto Dealer Plaintiffs and to be heard on its Motion for an Award of Attorneys' Fees at the November 16, 2016 final approval hearing.  As set forth in the memorandum included herein, good cause exists to grant the Barton Law Firm's request for leave in order to resolve a dispute between Plaintiffs Co-Lead Counsel and the Barton Law Firm regarding the amount of attorneys' fees to be paid to the Barton Law Firm from the anticipated attorneys' fee award which Plaintiff's Co-Lead Counsel will be requesting from the second group of Auto Dealer Class Settlements. Plaintiff's Co-Lead Counsel will not suffer any prejudice if the Court grants the Barton Law Firm's request for leave.

Dated: October 12, 2016                    Respectfully submitted,

/s/ Robert G. Harken
George A. Barton         KS Bar No. 26831
Robert G. Harken         KS Bar No. 21450
Law Offices of George A. Barton, P.C.
7227 Metcalf Ave., Ste. 301
Overland Park, KS 66204
(816) 300-6250– phone
(816) 300-6259 – fax
gab@georgebartonlaw.com
rob@georgebartonlaw.com

***ATTORNEYS FOR THE KANSAS AND
NEVADA AUTO DEALERS***

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2016 a true and correct copy of the foregoing was served to all parties and counsel of record via the Court's electronic filing system.

s/ Robert G. Harken
Robert G. Harken

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS | : | Master File No. 12-md-02311 |
| ANTITRUST LITIGATION | : | Honorable Marianne O. Battani |
| | : | |
| In Re: Wire Harness | : | Case No. 2:12-cv-00102 |
| In Re: Instrument Panel Clusters | : | Case No. 2:12-cv-00202 |
| In Re: Fuel Senders | : | Case No. 2:12-cv-00302 |
| In Re: Heater Control Panels | : | Case No. 2:12-cv-00402 |
| In Re: Bearings | : | Case No. 2:12-cv-00502 |
| In Re: Alternators | : | Case No. 2:13-cv-00702 |
| In Re: Anti Vibrational Rubber Parts | : | Case No. 2:13-cv-00802 |
| In Re: Windshield Wiper Systems | : | Case No. 2:13-cv-00902 |
| In Re: Radiators | : | Case No. 2:13-cv-01002 |
| In Re: Starters | : | Case No. 2:13-cv-01102 |
| In Re: Ignition Coils | : | Case No. 2:13-cv-01402 |
| In Re: Motor Generators | : | Case No. 2:13-cv-01502 |
| In Re: HID Ballasts | : | Case No. 2:13-cv-01702 |
| In Re: Inverters | | Case No. 2:13-cv-01802 |
| In Re: Electronic Powered Steering Assemblies | | Case No. 2:13-cv-01902 |
| In Re: Air Flow Meters | | Case No. 2:13-cv-02002 |
| In Re: Fan Motors | | Case No. 2:13-cv-02102 |
| In Re: Fuel Injection Systems | | Case No. 2:13-cv-02202 |
| In Re: Power Window Motors | | Case No. 2:13-cv-02302 |
| In Re: Automatic Transmission Fluid Warmers | | Case No. 2:13-cv-02402 |
| In Re: Valve Timing Control Devices | | Case No. 2:13-cv-02502 |
| In Re: Electronic Throttle Bodies | | Case No. 2:13-cv-02602 |
| In Re: Air Conditioning Systems | | Case No. 2:13-cv-02702 |
| In Re: Windshield Washer Systems | | Case No. 2:13-cv-02802 |
| In Re: Spark Plugs | | Case No. 2:15-cv-03002 |
| In Re: Automotive Hoses | | Case No. 2:15-cv-12893 |
| In Re: Power Window Switches | | Case No. 2:16-cv-03902 |
| In Re: Ceramic Substrates | | Case No. 2:16-cv-12194 |

THIS DOCUMENT RELATES TO
AUTOMOBILE DEALERSHIP ACTIONS

**LAW OFFICES OF GEORGE A. BARTON, P.C.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE ITS MOTION FOR AN AWARD OF ATTORNEYS' FEES RELATED TO ITS REPRESENTATION OF THE KANSAS AND NEVADA AUTO DEALER PLAINTIFFS AND TO BE HEARD ON ITS MOTION FOR AN AWARD OF ATTORNEYS' FEES AT THE NOVEMBER 16, 2016 FINAL APPROVAL HEARING**

In accordance with E.D.Mich. L.R. 7.1(a), the undersigned counsel requested Plaintiffs' Interim Co-Lead Counsel's ("the ICLC") agreement for the Law Offices of George A. Barton, P.C. ("the Barton Law Firm") to file its Motion for an Award of Attorneys' Fees Related to Its Representation of the Kansas and Nevada Auto Dealer Plaintiffs ("Motion for Attorneys' Fees") and to be heard on its Motion for Attorneys' Fees at the November 16, 2016 Final Approval Hearing. The undersigned counsel did not obtain ICLC's agreement.

## I. ARGUMENT

Since February 2012, the Barton Law Firm has actively and continuously represented the six named Kansas and Nevada Auto Dealer Plaintiffs[1] in this multidistrict litigation ("MDL"). During this 4½ year period, the Barton Law Firm has provided extensive legal services which have benefitted the Kansas and Nevada Auto Dealer Class members. The Barton Law Firm's lodestar (hours worked multiplied by the applicable hourly rates) through October 3, 2016 is approximately $556,880. A dispute has arisen between ICLC and the Barton Law Firm regarding the amount of attorneys' fees that should be awarded to the Barton Law Firm for its legal services provided on behalf of and to the benefit of the Kansas and Nevada Auto Dealer Classes.

On March 23, 2012, this Court entered its Order providing that only Co-Lead Counsel or Liaison Counsel may initiate or file any motions in the Automobile Dealer Actions. (Dk. 64, 12-

---

[1] The Auto Dealers from the State of Kansas who are named plaintiffs in the MDL are Dale Martens Nissan Subaru, Inc., Green Team of Clay Center, Inc., and Ancona Enterprises, Inc. d/b/a Frank Ancona Honda. The Auto Dealers from the State of Nevada who are the named plaintiffs in the MDL are Herb Hallman Chevrolet, Inc., Reno Dodge Sales, Inc., and Bill Pearce Honda.

2

md-2311). The Barton Law Firm is therefore requesting leave from the Court from its March 23, 2012 Order in order to file its Motion for Attorneys' Fees and to be heard on its Motion for Attorneys' Fees at the November 16, 2016 final approval hearing. The Barton Law Firm is attaching to this motion as Exhibit 1 its Motion for Attorneys' Fees.

Good cause exists for this Court to grant the Barton Law Firm leave to file its Motion for Attorneys' Fees and to be heard at the November 16, 2016 final approval hearing. Under Sixth Circuit law, a court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved. *Rawlings v. Prudential-Bache Props, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). Where counsel's efforts create a substantial common fund for the benefit of the Class, they are entitled to payment from the fund and based on a percentage of that fund. *Smillie v. Park Chemical Co.*, 710 F.2d 271, 275 (6th Cir. 1983); *Rankin v. Rots*, Case No. 02-CV-71045, 2006 WL 1791377, **1-2 (E.D. Mich. June 27, 2006). Absent adequate compensation, counsel will not be willing to undertake the risk of common fund class action litigation. *Rankin*, 2006 WL 1791377, at *1. In the Sixth Circuit, an award of reasonable attorneys' fees should consider: (1) the value of the benefit rendered to the class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis (lode-star cross-check); (5) the complexity of the litigation; and (6) the professional skill and standing of counsel on both sides. *Id.* (citing *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974)).

On October 14, 2015, the ICLC filed their first motion for attorneys' fees to be paid from the first group of Auto Dealer Class Settlements in the approximate amount of $59,000,000 entered into between the Auto Dealer Classes and twenty-one defendants. (*See* Dk. 379, Case No. 12-cv-

3

00102).  In their first request for attorneys' fees, the ICLC did not include the time value of the legal work provided by the Barton Law Firm. (*Id.*). On December 7, 2015, this Court awarded the ICLC $18,500,158 in attorneys' fees. (*See* Dk. 401, Case No. 12-cv-00102).  The award of attorneys' fees in the amount of $18,500,158 represented approximately 31 percent of the $59,000,000 settlement amount.  The ICLC has allocated 1.7 percent of the $59,000,000 of the settlement to the Kansas Auto Dealer Class, which equals $1,003,000, and allocated 0.9 percent of the $59,000,000 settlement to the Nevada Auto Dealer Class, which equals $531,000.  Thus, 1.7 percent of the $18,500,158 in attorneys' fees awarded by this Court is attributed to the Kansas Auto Dealer Class Settlement, which equals $314,502.69, and 0.9 percent of the $18,500,158 is attributed to the Nevada Auto Dealer Class Settlement, which equals $166,501.42.

The Auto Dealer Classes have now reached settlements in the amount of $124,730,980 with thirty-two additional defendants. (*See* Dk. 499, Case No. 12-cv-00102).  The 1.7 percent of the $124,730,980 settlement attributed to the Kansas Auto Dealer Class is $2,120,426.66.  The 0.9 percent of the $124,730,980 settlement attributed to the Nevada Auto Dealer Class is $1,122,578.82.  The ICLC have indicated that they will request their attorneys' fees from the $124,730,980 settlement funds. (*Id.*).  If this Court were to award attorneys' fees based upon the 31 percent of the $124,730,980 settlement fund which it previously awarded, the total fee award for the second Class Settlement would be in the amount of $38,669,440.30.  The 1.7 percent of the $38,669,440.30 second Class Settlement fee award attributed to the Kansas Auto Dealer Class Settlement would be $657,380.49, and the 0.9 percent of the $38,669,440.30 second Class Settlement fee award attributed to the Nevada Auto Dealer Class Settlement would be $348,024.96.

Thus, the total attorneys' fees allocable to the Kansas and Nevada Class Settlements, for both the first and second Class Settlements, is estimated to be approximately $1,486,409. As set forth in its Motion for Attorneys' Fees, the Barton Law Firm is requesting that an award of $695,228.30 in attorneys' fees for its legal work in this MDL through October 3, 2016, to be paid from the anticipated attorneys' fee award requested by the ICLC from the second group of Auto Dealer Class Settlements with thirty-two defendants ("the second Class Settlement fee award"). The requested $695,228.30 fee award is in addition to the $47,976.48 in attorneys' fee paid by the ICLC to the Barton Law Firm from the $18,500,158 in attorneys' fees which this Court awarded to the ICLC by Order entered on December 7, 2015. (*See* Dk. 401, Case No. 12-cv-00102).

The Barton Law Firm's request for $695,288.30 in attorneys' fees should be granted because the Barton Law Firm's legal work substantially benefited the Kansas and Nevada Auto Dealer Class members in this MDL. Based on the efforts of the Kansas and Nevada Auto Dealer Plaintiffs and the Barton Law Firm, the Auto Dealer Plaintiffs and the settling Defendants agreed to two groups of settlements which resolved numerous claims in this MDL. (Dk. No. 1398, Case No. 12-md-2311; Dk. No. 379, Case No. 12-cv-00102). All members of the Kansas and Nevada Auto Dealer Classes will be able to share in the receipt of monetary payments from the Class Settlement funds. (Dk. No. 1398, p. 2, Case No. 12-md-2311). Further, this Court and ICLC have already recognized, without the efforts of the Barton Law Firm and the Kansas and Nevada Auto Dealer Plaintiffs shouldering the substantial burden in representing the absent class members, the first two group of settlements between the Auto Dealer Plaintiffs and the settling Defendants would not have been possible. (Dk. No. 1398, Case No. 12-md-2311, Dk. No. 379, Case No. 12-cv-00102). The approximate combined amount of $183 million in Class Settlements were reached in the face of formidable opposition from the Defendants, who have sharply focused their discovery

5

efforts on the Auto Dealer Plaintiffs. (Dk. No. 1398, pp. 2-3, Case No. 12-md-2311). Responding to Defendants' discovery, and the discovery that remains ongoing, has consumed an enormous amount of time and resources for all Auto Dealer Plaintiffs and their counsel. (*Id.*). The Auto Dealer Plaintiffs, including the Kansas and Nevada Auto Dealer Plaintiffs, have responded to voluminous discovery that requested hard copy and electronic data regarding the dealerships acquisition and sale of vehicles spanning a fourteen-year period. (*Id.*)

Indeed, in representing the Kansas and Nevada Auto Dealer Plaintiffs since February 2012, the Barton Law Firm has expended almost 1000 hours in (1) traveling to and meeting with the Kansas and Nevada Auto Dealer Plaintiffs to discuss the scope of all of the various claims and cases filed against the Defendants in this MDL; (2) working with the Kansas and Nevada Auto Dealer Plaintiffs in all matters related to discovery, including traveling numerous times for several days or weeks at a time in order gather, copy, and produce documents and electronic data responsive to Defendants' discovery requests; (3) meeting, discussing, preparing and appearing for the Kansas and Nevada Auto Dealer Plaintiffs' 30(b)(6) depositions; (4) and all other necessary activities required to prosecute the claims on behalf of the Kansas and Nevada Auto Dealer Plaintiffs in the MDL. All of the substantial work and discovery tasks performed by the Barton Law Firm were done at the request of ICLC.

Next, the Barton Law Firm's requested fee award of $695,228.30 is reasonable. The six Kansas and Nevada Auto Dealer Plaintiffs signed contingency fee agreements with the Barton Law Firm, and the Barton Law Firm shared the same risks as the ICLC regarding payment of attorneys' fees for legal work in this MDL. As discussed above, in taking on these risks, the Barton Law Firm's legal services provided a substantial benefit to the Kansas and Nevada Auto Dealer Classes. The Barton Law Firm's requested fee award of $695,228.30, coupled with the $47,976.48

in fees it has received from the first Class Settlement fee award, represents approximately 50 percent of the estimated attorneys' fees award which have been or will be allocated to the Kansas and Nevada Class Settlements, respectively, and equates to a reasonable lodestar multiplier of 1.33. In addition, the ICLC requested and was fully aware that the Barton Law Firm was providing significant legal services which benefited the Kansas and Nevada Automobile Dealer Classes. This work included the gathering, producing, and otherwise responding to Defendants' massive discovery burdens on the Kansas and Nevada Auto Dealers, and meeting with the Kansas and Nevada Auto Dealers to prepare them for their Rule 30(b)(6) depositions. As this Court is more than aware, the Auto Dealer Plaintiffs' discovery responses and deposition testimony has been utilized in almost all of the dispositive and combative pleadings filed in this case. Thus, because responding to Defendants' discovery burden and presenting the Kansas and Nevada Auto Dealer Plaintiffs were major components in this MDL litigation, there can be no legitimate dispute that the Barton Law Firm has met each of the *Ramey* factors and possessed the necessary skill and experience supporting its fee request.

Finally, the ICLC will not suffer any prejudice if the Court grants the Barton Law Firm leave from the Court's March 23, 2012 Order to file its Motion for Attorneys' Fees and is heard on its Motion for Attorneys' Fees at the November 16, 2016 final approval hearing. The ICLC may still proceed with its own attorneys' fee request and this Court will still be able to fully adjudicate all of the issues associated with the anticipated second Class Settlement fee award on November 16, 2016 if leave is granted to the Barton Law Firm. Further, upon this Court resolving the current attorneys' fee dispute between the ICLC and the Barton Law Firm, the Court's resolution will provide guidance to the parties going forward with respect to attorneys' fee requests related to any future Auto Dealer Settlements in this MDL.

## CONCLUSION

For the foregoing reasons, this Court should enter an order which grants the Barton Law Firm leave from the Court's March 23, 2013 Order, allows the Barton Law Firm to file its Motion for Attorneys' Fees, allows the Barton Law Firm to be heard on its Motion for Attorneys' Fees at the November 16, 2016 final approval hearing, and for such other relief this Court deems just and fair.

>Respectfully submitted,
>
>*/s/ Robert G. Harken*
>George A. Barton     KS Bar No. 26831
>Robert G. Harken     KS Bar No. 21450
>Law Offices of George A. Barton, P.C.
>7227 Metcalf Ave., Ste. 301
>Overland Park, KS 66204
>(816) 300-6250– phone
>(816) 300-6259 – fax
>gab@georgebartonlaw.com
>rob@georgebartonlaw.com
>
>***ATTORNEYS FOR THE KANSAS AND NEVADA AUTO DEALERS***

## CERTIFICATE OF SERVICE

I hereby certify that on this 12 day of October, 2016 a true and correct copy of the foregoing was served to all parties and counsel of record via the Court's electronic filing system.

>*s/ Robert G. Harken*
>Robert G. Harken

8

9