# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 |
| | Hon. Marianne O. Battani |
| IN RE: AIR CONDITIONING SYSTEMS | 2:13-cv-02702-MOB-MKM |
| THIS RELATES TO: | |
| AUTOMOBILE DEALERSHIP ACTIONS | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of the 8th day of February 2018 ("Execution Date") by and between Sanden Automotive Components Corporation, Sanden Automotive Climate Systems Corporation, and Sanden International (U.S.A.) Inc. (collectively, "Sanden"), and Automobile Dealership Plaintiff Class Representatives ("Automobile Dealership Plaintiffs"), both individually and on behalf of a class of indirect purchasers of Air Conditioning Systems (the "Settlement Class"), as more particularly defined in Paragraph 16 below.

WHEREAS, Automobile Dealership Plaintiffs are prosecuting the above *In Re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311 (E.D. Mich.) (the "MDL Litigation") and Case No. 2:13-cv-02702 on their own behalf and on behalf of the Settlement Class;

WHEREAS, Automobile Dealership Plaintiffs allege that they were injured as a result of Sanden's participation in an unlawful conspiracy to raise, fix, maintain, and/or stabilize prices, rig bids, and allocate markets and customers for Air Conditioning Systems (as defined in Paragraph 2 below) in violation of Section 1 of the Sherman Act and various state antitrust,

unfair competition, unjust enrichment, and consumer protection laws as set forth in Automobile Dealership Plaintiffs' Second Consolidated Amended Class Action Complaint in the Air Conditioning Systems Action (the "Complaint");

WHEREAS, Sanden denies Automobile Dealership Plaintiffs' allegations and has asserted defenses to Automobile Dealership Plaintiffs' claims in the Action;

WHEREAS, arm's-length settlement negotiations have taken place between Settlement Class Counsel (as defined below) and counsel for Sanden and this Agreement has been reached as a result of those negotiations;

WHEREAS, Automobile Dealership Plaintiffs, through Settlement Class Counsel, have conducted an investigation into the facts and the law regarding the Action and have concluded that resolving the claims against Sanden, according to the terms set forth below, is in the best interests of Automobile Dealership Plaintiffs and the Settlement Class because of the payment of the Settlement Amount and the value of the Injunctive Relief and Cooperation (as those terms are defined below) that Sanden has agreed to provide pursuant to this Agreement; and

WHEREAS, Sanden, despite its belief that it is not liable for the claims asserted and its belief that it has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Sanden with respect to Air Conditioning Systems based on the allegations in the Action, as more particularly set out below; and

WHEREAS, Sanden's financial condition, as evidenced by its publicly available financial statements, is a material part of Automobile Dealership Plaintiffs' analysis and conclusion regarding an appropriate settlement.

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to the Releasees and except as hereinafter provided, without costs as to Automobile Dealership Plaintiffs, the Settlement Class, or Sanden, subject to the approval of the Court, on the following terms and conditions:

A.    <u>Definitions</u>.

1.    "Action" refers to the above-captioned Air Conditioning Systems case filed by Automobile Dealership Plaintiffs.

2.    "Air Conditioning System" shall have the meaning set forth in Paragraph 3 of the Complaint.

3.    "Automobile Dealership" or "Dealer" means a franchised entity or person authorized to engage in the business of selling and / or leasing Vehicles at retail in the United States.

4.    "Cooperation" shall refer to those provisions set forth below in Paragraphs 41-56.

5.    "Cooperation Materials" means any information, testimony, Documents (as defined below) or other material provided by Sanden pursuant to the terms of this Agreement.

6.    "Defendant" means any party named as a defendant in the Action at any time up to and including the date when the Court has entered a final order certifying the Settlement Class described in Paragraph 16 and approving this Agreement under Federal Rule of Civil Procedure Rule 23(e).

7.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including without limitation, electronically stored information.    A draft or non-identical copy is a separate Document within the meaning of this term.

8.      "Automobile Dealership Plaintiff Class Representatives" means those Settlement Class Members, as defined in Paragraph 18, below, who are named plaintiffs in the Complaint.

9.      "Indirect Purchaser States" means Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

10.     "Opt-Out Deadline" means the deadline set by the Court for the timely submission of requests by Settlement Class Members to be excluded from the Settlement Class.

11.     "Released Claims" means the Claims described in Paragraphs 27 and 28 herein.

12.     "Releasees" means (i) Sanden, (ii) Sanden's parent, Sanden Holdings Corporation (hereafter, "SDHC"), (iii) all of Sanden and SDHC's past and present direct and indirect, parents, subsidiary companies and affiliates, including their respective predecessors, successors and assigns, and (iv) each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, stockholders, members, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the persons and each of the persons and entities listed in (i), (ii), and (iii).    "Releasees" does not include any defendant in the MDL Litigation other than Sanden, SDHC, and their related entities and individuals as defined in this Paragraph.

13.    "Releasors" means Automobile Dealership Plaintiffs Class Representatives and the Settlement Class Members, as defined in Paragraph 18 below, and to their past and present officers, directors, supervisors, employees, agents, stockholders, members, attorneys, servants, representatives, parents, subsidiaries, affiliates, principals, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executors, administrators and assigns of any of the foregoing.

14.    "Relevant Air Conditioning Systems" refers to Air Conditioning Systems either: (1) sold directly to Original Equipment Manufacturers within the United States; or (2) sold to Original Equipment Manufacturers within the United States indirectly through another supplier; or (3) installed in Vehicles (defined below) sold in the United States. For avoidance of doubt, Relevant Air Conditioning Systems excludes Air Conditioning Systems sold in the aftermarket.

15.    "Settlement Amount" is $2,400,000, to be paid in installments as set forth in Paragraph 29, and the "Settlement Fund" is the Settlement Amount plus any income or accrued interest earned on that amount as set forth in Paragraph 30.

16.    For purposes of this Agreement, the "Settlement Class" is defined as:

> All Automobile Dealerships that, from May 1, 1999 through the Execution Date, (a) indirectly purchased Air Conditioning System(s) manufactured or sold by Defendants, any current or former subsidiary or affiliate of Defendants, or any co-conspirator, or (b) purchased Vehicles for resale that contained Air Conditioning System(s), which were manufactured or sold by Defendants, any current or former subsidiary of Defendants, or any co-conspirator. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities.

17.   "Settlement Class Counsel" refers to the law firms of:

> BARRETT LAW GROUP, P.A.
> P.O. Box 927
> 404 Court Square
> Lexington, MS 39095
>
> CUNEO GILBERT & LaDUCA, LLP
> Suite 200
> 4725 Wisconsin Avenue, NW
> Washington, DC 20016
>
> LARSON • KING, LLP
> 2800 Wells Fargo Place
> 30 East Seventh Street
> St. Paul, MN 55101

18.   "Settlement Class Member" means each member of the Settlement Class who has not timely elected to be excluded from the Settlement Class.

19.   "Transactional Data" means the following reasonably accessible information generated or maintained by Sanden in the ordinary course of business:  (i) the customer name; (ii) product identifiers (*e.g.*, part numbers assigned by Sanden, part numbers assigned by Sanden's customers, descriptions); (iii) the vehicle for which the Air Conditioning System was intended; (iv) the per unit sales price; (v) the per unit cost; (vi) the currency of transaction; (vii) the exchange rate applied; (viii) the quantity of units purchased or sold; (ix) any adjustments to cost or price (*e.g.*, discounts, rebates, or credits); and (x) any other information reasonably agreed to in writing between Sanden's counsel and Settlement Class Counsel. Unless otherwise agreed to by the parties in writing, Transactional Data is limited to Relevant Air Conditioning Systems.

20.   "Vehicles" means new four-wheeled passenger automobiles, vans, sports utility vehicles, and crossover or pick-up trucks.

B.    Approval of this Agreement and Dismissal of Claims Against Sanden.

21.    Automobile Dealership Plaintiffs and Sanden shall use their reasonable best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures, including procedures regarding the giving of class notice pursuant to Federal Rule of Civil Procedure 23(c) and (e) (subject to Paragraphs 30 and 33, the costs of which shall solely be borne by Automobile Dealership Plaintiffs), and to secure the complete, and final dismissal with prejudice of the Action as to the Releasees only.

22.    Within thirty (30) days after the execution of this Agreement by all parties hereto, Automobile Dealership Plaintiffs shall submit to the Court a motion seeking preliminary approval of this Agreement (the "Preliminary Approval Motion"). The Preliminary Approval Motion shall include (i) the proposed form of an order preliminarily approving this Agreement, and (ii) a proposed form of order and final judgment that shall include at least the terms set forth in Paragraph 24 below.  The text of the proposed orders shall be agreed upon by Automobile Dealership Plaintiffs and Sanden before submission of the Preliminary Approval Motion.

23.    Automobile Dealership Plaintiffs, at a time to be decided in their sole discretion, shall submit to the Court a motion for authorization to disseminate notice of the settlement and final judgment contemplated by this Agreement to all Settlement Class Members identified by Automobile Dealership Plaintiffs (the "Notice Motion").  To mitigate the costs of notice, which, subject to Paragraph 33, shall be borne exclusively by Automobile Dealership Plaintiffs, Automobile Dealership Plaintiffs shall endeavor, if practicable, to disseminate notice of this settlement with notice of any other settlements reached in the MDL Litigation.  The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice.

24.     Automobile Dealership Plaintiffs shall seek, and Sanden will not unreasonably object to, the entry of an order and final judgment in the Action.  The terms of that proposed order and final judgment will include, at a minimum, the substance of the following provisions:

(a)     certifying the Settlement Class described in Paragraph 16, pursuant to Rule 23, solely for purposes of this settlement as a Settlement Class for the Action;

(b)     as to the Action, approving finally this settlement and its terms as being a fair, reasonable and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 and directing its consummation according to its terms;

(c)     directing that all Releasors shall, by operation of law, be deemed to have released all Releasees from the Released Claims.

(d)     as to Sanden, directing that the Action be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(e)     reserving exclusive jurisdiction over the settlement and this Agreement, including the interpretation, administration, and consummation of this settlement, to the United States District Court for the Eastern District of Michigan;

(f)     determining under Rule 54(b) that there is no just reason for delay and directing that the judgment of dismissal in the Action as to Sanden shall be final; and

(g)     providing that (i) the Court's certification of the Settlement Class is without prejudice to, or waiver of, the rights of any Defendant, including Sanden, to contest certification of any other class proposed in the MDL Litigation, (ii) the Court's findings in the Order shall have no effect on the Court's ruling on any motion to certify any class in the MDL Litigation or on the Court's rulings concerning any Defendant's motion; and (iii) no party may

cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

25.     This Agreement shall become final when (i) the Court has entered a final order certifying the Settlement Class described in Paragraph 16 and approving this Agreement under Rule 23(e) and has entered a final judgment dismissing the Action with prejudice as to Sanden and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to Sanden described in (i) above has expired or, if appealed, approval of this Agreement and the final judgment in the Action as to Sanden has been affirmed in its entirety by the Court of last resort to which such appeal has been taken, and such affirmance has become no longer subject to further appeal or review, and no other motion or pleading is pending in any court. It is agreed that the provisions of Rule 60 shall not be taken into account in determining the above-stated times. On the date that Automobile Dealership Plaintiffs and Sanden have executed this Agreement, Automobile Dealership Plaintiffs and Sanden shall be bound by its terms and this Agreement shall not be rescinded except in accordance with Paragraphs 30(h) or 57 of this Agreement.

26.     Neither this Agreement (whether or not it should become final) nor the final judgment, nor any and all negotiations, Documents, or discussions associated with them (including Cooperation Materials produced pursuant to Paragraphs 41-56), shall be deemed or construed to be an admission by Sanden, or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Sanden, or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the MDL Litigation, and evidence thereof shall not be discoverable or used in any way, whether in the MDL Litigation, or

any other arbitration, action or proceeding whatsoever, against Sanden.   Nothing in this
Paragraph shall prevent Automobile Dealership Plaintiffs from using and/or introducing into
evidence Cooperation Materials produced pursuant to Paragraphs 41-56, subject to the
limitations in those Paragraphs, against any other defendants in the MDL Litigation, or to
develop and promulgate a plan of allocation and distribution.  Neither this Agreement, nor any of
its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any
other action taken to carry out this Agreement by Sanden, shall be referred to, offered as
evidence or received in evidence in any pending or future civil, criminal, or administrative
action, arbitration, or proceedings, except in a proceeding to enforce this Agreement, or to
defend against the assertion of Released Claims, or as otherwise required by law.

C.     Release, Discharge, and Covenant Not to Sue.

27.     In addition to the effect of any final judgment entered in accordance with this
Agreement, upon this Agreement becoming final, as set out in Paragraph 25 of this Agreement,
and in consideration of payment of the Settlement Amount, as specified in Paragraph 29 of this
Agreement, into the Settlement Fund, and for other valuable consideration, the Releasees shall be
completely released, acquitted, and forever discharged from any and all claims, demands,
actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not
any Settlement Class Member has objected to the settlement or makes a claim upon or
participates in the Settlement Fund, whether directly, representatively, derivatively or in any
other capacity) that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may
ever have, that now exist or may exist in the future, on account of, or in any way arising out of,
any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or
contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof in
any way arising out of or relating in any way to (i) any conduct alleged in the Complaint, and

(ii) any act or omission of the Releasees (or any of them) concerning Air Conditioning Systems, including but not limited to any conduct and causes of action alleged or asserted or that could have been alleged or asserted, in any class action or other complaint filed in the Action (the "Released Claims"), provided however, that nothing herein shall release: (1) any claims made by direct purchasers of Air Conditioning Systems; (2) any claims made by end-payor plaintiffs that are indirect purchasers of Air Conditioning Systems; (3) any claims made by truck and equipment dealerships that are indirect purchasers of Air Conditioning Systems (4) any claims made by any State, State agency, or instrumentality or political subdivision of a State as to government purchases and/or penalties; (5) claims involving any negligence, personal injury, breach of contract, bailment, failure to deliver lost goods, damaged or delayed goods, product defect, securities or similar claim relating to Air Conditioning Systems; (6) claims concerning any automotive part other than Air Conditioning Systems; (7) claims under laws other than those of the United States relating to purchases of Air Conditioning Systems made by any Releasor outside of the United States; and (8) claims for damages under the state or local laws of any jurisdiction other than an Indirect Purchaser State. Releasors shall not, after the date of this Agreement, seek to establish liability against any Releasee as to, in whole or in part, any of the Released Claims unless this Agreement is, for any reason, not finally approved or terminated.

28. In addition to the provisions of Paragraph 27 of this Agreement, Releasors hereby expressly waive and release, upon this Agreement becoming final, as set out in Paragraph 25 of this Agreement, any and all provisions, rights, and benefits, as to their claims concerning Air Conditioning Systems conferred by § 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME

OF EXECUTING THE RELEASE, WHICH IF KNOWN BY
HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
OR HER SETTLEMENT WITH THE DEBTOR;

or by any equivalent law or statute of any state or territory of the United States, or principle of
common law, which is similar, comparable, or equivalent to § 1542 of the California Civil
Code. Each Releasor may hereafter discover facts other than or different from those which
he, she, or it knows or believes to be true with respect to the claims which are released
pursuant to the provisions of Paragraph 27 of this Agreement, but each Releasor hereby
expressly waives and fully, finally, and forever settles and releases, upon this Agreement
becoming final, any known or unknown, suspected or unsuspected, contingent or non-
contingent claim that Sanden and Automobile Dealership Plaintiffs have agreed to release
pursuant to Paragraph 27, whether or not concealed or hidden, without regard to the
subsequent discovery or existence of such different or additional facts.

D.      Settlement Amount.

29.      Subject to the provisions hereof, and in full, complete and final settlement of the
Action as provided herein, Sanden, shall pay or cause to be paid the Settlement Amount in two
(2) installment payments (each a "Settlement Installment Payment"). Each Settlement
Installment Payment shall be paid in U.S. dollars into an escrow account to be administered in
accordance with the provisions of Paragraph 30 of this Agreement (the "Escrow Account").
Provided the Settlement Installment Payments are timely paid, Sanden shall not be required to
pay interest on the Settlement Installment Payments.

(a)      The first Settlement Installment Payment of $1,920,000.00 shall be paid
on or before 5:00 p.m. EDT on March 31, 2018.

(b)      The second Settlement Installment Payment of $480,000.00 shall be paid
on or before 5:00 p.m. EDT on by September 30, 2018.

30.    Escrow Account.

(a)    The Escrow Account will be established at Huntington National Bank with such Bank serving as escrow agent ("Escrow Agent") subject to escrow instructions regarding investment types and reinvestment of income and proceeds mutually acceptable to Settlement Class Counsel and Sanden, such escrow to be administered by the Escrow Agent under the Court's continuing supervision and control.

(b)    The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured in writing by the United States Government, or money market funds rated Aaa and AAA, respectively by Moody's Investor Services and Standard and Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then current market rates.    Sanden shall bear no risk related to the management and investment of the Settlement Fund.

(c)    All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

(d)    Automobile Dealership Plaintiffs and Sanden agree to treat the Settlement Fund as being at all times a qualified settlement fund within the meaning of Treas. Reg. § 1.468B-1. In addition, Settlement Class Counsel shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 30, including the relation-back election (as defined in Treasury Regulation § 1.468B-1(j)) back to the earliest permitted date.   Such

elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Settlement Class Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. All provisions of this Agreement shall be interpreted in a manner that is consistent with the Settlement Amount being a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1.

(e)    For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the administrator of the Settlement Fund shall be Settlement Class Counsel. Settlement Class Counsel shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k), (1)). Such returns (as well as the election described in Paragraph 30(d) above) shall be consistent with Paragraph 30(d) and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in Paragraph 30(f) hereof.

(f)    All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Sanden or any other Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 30(d) through 30(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns

described in Paragraph 30(e) ("Tax Expenses")), shall be paid out of the Settlement Fund.

(g)     Neither Sanden nor any other Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses or the filing of any tax returns or other documents with the Internal Revenue Service or other taxing authority. The Trustee and/or Settlement Class Counsel shall indemnify and hold Sanden and all Releasees harmless from any such liability or responsibility related to the Taxes or the Tax Expenses (including taxes payable by reason of such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)). Sanden shall not be responsible or have any liability therefor. Automobile Dealership Plaintiffs and Sanden agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 30(d) through 30(f).

(h)     If this Agreement does not receive final Court approval, including final approval of the Settlement Class as defined in Paragraph 16, or if the Action is not certified as a class action for settlement purposes, then all amounts paid by Sanden into the Settlement Fund (other than costs expended or incurred in accordance with Paragraphs 30 and 33), shall be returned to Sanden from the Escrow Account by the Escrow Agent, along with any interest accrued thereon, within thirty (30) calendar days of the court's final determination denying final

approval of the Agreement and/or Settlement Class.

31.     Injunctive Relief.

Subject to the provisions hereof, and in full, complete, and final settlement of the Action as provided herein, Sanden further agrees that it will not engage in conduct that constitutes a *per se* violation of Section 1 of the Sherman Act (whether characterized as price-fixing, market allocation, bid rigging, or otherwise) with respect to the sale of Air Conditioning Systems for a period of twenty-four (24) months from the date of the entry of final judgment.

32.     Exclusions from the Settlement Class.

Subject to Court approval, any person or entity seeking exclusion from the Settlement Class must file a written request for exclusion from the Settlement Class by the Opt-Out Deadline. Any person or entity that files such a request shall be excluded from the Settlement Class and shall have no rights with respect to this settlement.  Subject to Court approval, a request for exclusion that does not comply with all of the provisions set forth in the applicable class notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed Settlement Class Member(s) and shall be bound by the Settlement Agreement upon final approval by the Court.  Settlement Class Counsel shall, within ten (10) business days of the Opt-Out Deadline, provide Sanden with a list and copies of all opt-out requests it receives in the Action and shall file with the Court a list of all Settlement Class Members who timely and validly opted out of the settlement.

(a)     Subject to Court Approval, any member of the Settlement Class who submits a valid and timely request for exclusion from the Settlement Class will not be a Settlement Class Member and shall not be bound by the terms of this Agreement. Sanden

reserves all of its legal rights and defenses, including but not limited to, any defenses relating to whether any excluded member of the Settlement Class is an indirect purchaser of Air Conditioning Systems or has standing to bring any claim against Sanden.

(b)    Subject to Court Approval, in the written request for exclusion, the member of the Settlement Class must state his, her, or its full name, street address, and telephone number. Further, the member of the Settlement Class must include a statement in the written request for exclusion that he, she, or it wishes to be excluded from the Settlement Class. Any member of the Settlement Class that submits a written request for exclusion may also identify the number of Vehicles purchased from May 1, 1999 through the Execution Date of this Agreement as requested in the notice to the Settlement Class as provided in Paragraph 23.

(c)    Sanden or Settlement Class Counsel may dispute an exclusion request, and the parties shall, if possible, resolve the disputed exclusion request by agreement and shall inform the Court of their position, and, if necessary, obtain a ruling thereon within thirty (30) days of the Opt-Out Deadline.

(d)    With respect to the Settlement Class, within twenty (20) business days following the Opt-Out Deadline in accordance with the terms of this Paragraph 32, or as soon thereafter as practicable, the parties shall determine the total number of Automobile Dealership locations in the Indirect Purchaser States, during the relevant time period for the Settlement Class that purchased Vehicles containing Air Conditioning Systems (defined as the Total Number of Damages Class Members for each Settlement Class for purposes of calculating the Total Opt-Out Percentage defined below). The parties shall determine the Total Number of Damages Class Members with respect to each Settlement Class based upon reasonably available public information, and each dealership location shall be counted as a separate Settlement Class

Member for the purposes of this calculation. In the event the parties mutually agree that non-public information is required to determine the Total Number of Damages Class Members for the Settlement Class, the parties shall identify an appropriate source of the necessary information and any costs or expenses associated with securing such information shall be paid pursuant to Paragraph 33 below. Within ten (10) business days following the determination of the Total Number of Damages Class Members for the Settlement Class, the parties shall calculate the percentage of the Total Number of Damages Class Members for the Settlement Class and the Total Number of Damages Class Members for the Settlement Class that have validly and timely requested to be excluded from the Settlement Class ("Total Opt-Out Percentage"), provided that Sanden shall have the sole option to waive the calculation and, by doing so, waive their rights under this Paragraph. The Total Opt-Out Percentage is a fraction, the numerator of which is the Total Number of Damages Class Members for the Settlement Class that have validly and timely requested to be excluded from the Settlement Class, and the denominator of which is the Total Number of Damages Class Members for the Settlement Class. If the parties are unable to agree on the Total Opt-Out Percentage for either Settlement Class, the Automobile Dealership Plaintiffs and Defendant agree to submit their respective calculations of the Total Opt-Out Percentage for each Settlement Class to the Court for decision as to which of the competing calculations is most reasonable. Should the Total Opt-Out Percentage for either Settlement Class be more than ten percent (10%), Defendant shall be paid out of the Settlement Fund for that Settlement Class an amount equal to the Settlement Fund multiplied by the difference between ten percent (10%) and the Total Opt-Out Percentage within ten (10) business days of the parties' agreement or the Court's determination of the Total Opt-Out Percentage calculation for each Settlement Class. As an example, for the avoidance of doubt, if the Total Opt-Out Percentage

for the Air Conditioning systems Settlement Class were twenty-five percent (25%), Sanden would be paid fifteen percent (15%) of the Settlement Fund allocated to the Air Conditioning Settlement Class.

33.   Payment of Expenses.

(a)   Sanden agrees to permit a reasonable portion of the Settlement Fund to be used towards notice to the Settlement Class and the costs of administration of the Settlement Fund.  The notice and administration expenses are not recoverable if this settlement does not become final or is terminated to the extent such funds have actually been expended or incurred for notice and administration costs.  Other than as set forth in Paragraph 30 and this Paragraph 33, Sanden shall not be liable for any of the costs or expenses of the litigation of the Action, including attorneys' fees, fees and expenses of expert witnesses and consultants, and costs and expenses associated with discovery, motion practice, hearings before the Court or Special Master, appeals, trials or the negotiation of other settlements, expenses associated with class notice, or for class administration and costs.

(b)   To mitigate the costs of notice and administration, Automobile Dealership Plaintiffs shall use their best efforts, if practicable, to disseminate notice with any other settlements reached with other defendants in the MDL Litigation and to apportion the costs of notice and administration on a pro rata basis across the applicable settlements.

E.   The Settlement Fund.

34.   After this Agreement becomes final within the meaning of Paragraph 25, the Settlement Fund shall be distributed in accordance with a plan to be submitted to the Court at the appropriate time by Settlement Class Counsel, subject to approval by the Court.  In no event shall any Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but

not limited to, the costs and expenses of such distribution and administration except as expressly otherwise provided in Paragraphs 30 and 33 of this Agreement.

35.     Automobile Dealership Plaintiffs and Settlement Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses and costs, as provided by Court Order.  Sanden and the other Releasees shall not be liable for any costs, fees, or expenses of any of Automobile Dealership Plaintiffs or the Settlement Class's respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

F.     Settlement Class Counsel's Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards for Class Representatives.

36.     Settlement Class Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for: (i) an award of attorneys' fees not in excess of one-third of the Settlement Fund; plus (ii) reimbursement of expenses and costs incurred in connection with prosecuting the Action and incentive awards, plus interest on such attorneys' fees, costs, and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid), as may be awarded by the Court (the "Fee and Expense Award").  Settlement Class Counsel reserves the right to make additional applications for Court approval of fees and expenses incurred and reasonable incentive awards, but in no event shall Sanden or any other Releasees be responsible to pay any such additional fees and expenses except to the extent they are paid out of the Settlement Fund.

37.     Subject to Court approval, Automobile Dealership Plaintiffs and Settlement Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for all expenses including, but not limited to, attorneys' fees and past, current, or future litigation expenses and incentive awards. Attorneys' fees and expenses awarded by the Court shall be payable from the

Settlement Fund upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Settlement Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund with interest, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or award of expenses is reduced or reversed, or in the event the Agreement is rescinded or terminated pursuant to Paragraph 30(h) or Paragraph 57.

38.    The procedure for and the allowance or disallowance by the Court of the application by Settlement Class Counsel for attorneys' fees, costs, and expenses, and incentive awards for class representatives to be paid out of the Settlement Fund is not part of this Agreement, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect the finality of the final approval of the settlement.

39.    Neither Sanden nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Settlement Class Counsel and/or Automobile Dealership Plaintiffs of any Fee and Expense Award in the Action.

40.    Neither Sanden nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Settlement Class Counsel, Automobile Dealership Plaintiffs, and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

G.      Cooperation.

41.     In return for the release and discharge provided herein, Sanden agrees to pay the Settlement Amount and be bound by the Injunctive Relief described in Paragraph 31, and further agrees to use its reasonable best efforts to provide satisfactory and timely Cooperation, as set forth specifically in Paragraphs 42-56 below. Cooperation will take place consistent with the timing set forth specifically below, and in a manner that is in compliance with Sanden's obligations to Government Entities (defined as the United States Department of Justice ("DOJ"), the Japanese Fair Trade Commission ("JFTC"), the European Commission ("EU"), or any other government entity).

42.     Sanden shall not be required to provide Documents or information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, any applicable privilege under foreign law, or whose disclosure is prohibited by court order or any foreign or domestic law.  No Document shall be withheld under claim of privilege if produced or made available to any Government Entities.  Upon reasonable written request, for all Documents withheld from production, Sanden shall provide a privilege log describing such Documents in sufficient detail as to explain the nature of the privilege asserted or the basis of any other law or rule protecting such Documents.

43.     After conducting a reasonable search, Sanden shall, to the best of its knowledge, identify those Vehicles sold in the United States from May 1, 1999 through the Execution Date of this Agreement that contain Air Conditioning Systems sold by Sanden.

44.     In the event that Sanden produces Documents, including translations, or provides declarations or written responses to discovery to any party or nonparty in the Action in the MDL Litigation, concerning or relating to the Action ("Relevant Production"), Sanden shall produce all such Documents, declarations or written discovery responses to Automobile Dealership

Plaintiffs contemporaneously with making the Relevant Production to the extent such Documents, declarations or written discovery responses have not previously been produced by Sanden to Automobile Dealership Plaintiffs. In addition, Sanden shall provide Automobile Dealership Plaintiffs with all cooperation it provides pursuant to any settlement agreement with any other party in this MDL Litigation, including, but not limited to, the Direct Purchaser Plaintiffs. To the extent that such cooperation includes any attorney proffer, witness interviews, or depositions of witnesses in addition to those already provided for in Paragraph 51, Settlement Class Counsel shall be permitted to attend and/or participate in such attorney proffer, witness interviews or depositions and shall be entitled to ask questions for a period up to three (3) hours at any interview or deposition (provided that this shall not expand the time permitted for any interview or deposition). All such additional Cooperation shall be coordinated, to the extent reasonably practicable, between Settlement Class Counsel, settlement class counsel for End-Payor Plaintiffs ("End-Payor Settlement Class Counsel"), and settlement class counsel for the Direct Purchaser Plaintiffs, or such other party to whom such cooperation is provided pursuant to a settlement agreement. Automobile Dealership Plaintiffs' receipt of, or participation in, cooperation provided by Sanden shall not in any way change the scope of Sanden's Cooperation obligations as set forth in this Section G, including, but not limited to, attorney proffers, witness interviews, and depositions.

45.      This Agreement does not restrict Settlement Class Counsel from noticing, attending and/or participating in any deposition in the MDL Litigation. Settlement Class Counsel may cross-notice, attend and/or participate in any depositions of Sanden's witnesses in addition to the depositions set forth in Paragraph 51, and Settlement Class Counsel together with End-Payor Settlement Class Counsel may ask questions for a combined total of three (3) hours at

such deposition, provided that the time for participation of Settlement Class Counsel and settlement class counsel for the End-Payor Plaintiffs shall not expand the time permitted for the deposition as may be provided by the Court, and Settlement Class Counsel will not ask the Court to enlarge the time of any deposition noticed of a Sanden current or former employee. Participation by Settlement Class Counsel in the depositions discussed in this Paragraph will not limit the number of depositions to be provided under Paragraph 51 below. Automobile Dealership Plaintiffs and Settlement Class Counsel agree to use their best efforts to ensure that any depositions taken under Paragraph 51 below are coordinated with any other deposition noticed in the MDL Litigation to avoid unnecessary duplication.

46.    Sanden shall provide the following additional Cooperation set forth in Paragraphs 47-51 below. However, if Automobile Dealership Plaintiffs reach settlement agreements with all Defendants in the Action prior to the deadline to complete additional Cooperation as set forth in Paragraphs 47-51 below, Sanden will not be obligated to complete additional said Cooperation. Notwithstanding the foregoing, Sanden will only be required to complete said additional Cooperation if Automobile Dealership Plaintiffs initiate or resume active litigation against a Defendant in the Air Conditioning Systems Action for any reason, unless Automobile Dealership Plaintiffs initiate or resume active litigation against Sanden. The parties will subsequently meet and confer in good faith regarding any extensions concerning the timing of the completion of such additional Cooperation.

47.    *Identity of Individuals*. Within ten (10) business days of the Execution Date of this Agreement, Counsel for Sanden shall provide Settlement Class Counsel with the identity of all current and former employees, directors, and officers of Sanden who: (1) were interviewed and/or prosecuted by any Government Entity in connection with alleged price-fixing, bid rigging

and market allocation of Air Conditioning Systems; (2) appeared before the grand jury in the DOJ's investigation into alleged antitrust violations with respect to Air Conditioning Systems; and/or (3) were disclosed to the DOJ as having knowledge or information relating to the DOJ's investigation into alleged antitrust violations with respect to Air Conditioning Systems. Notwithstanding the foregoing, Sanden is not required to identify or provide to Settlement Class Counsel a list of all persons whose names happen to appear in business documents produced to DOJ.

48.    *Transactional Data.* Sanden will use its reasonable best efforts to complete within sixty (60) days of receipt of Automobile Dealership Plaintiffs' written request, but no earlier than six (6) months after the Execution Date, the production of Transactional Data covering the time period of May 1, 1997 through the Execution Date. In addition, Sanden will provide, in response to a written request from Settlement Class Counsel, a single production of Transactional Data generated during the two years after the Execution Date of this Agreement, as it exists in Sanden's electronic database at the time of the request, within sixty (60) days of the receipt of such request. Sanden shall preserve such Transactional Data until the later of: (i) two (2) years after the Execution Date of the Agreement, or (ii) final approval of settlement agreements with all Defendants in the Action. For purposes of this Agreement, "final" shall have the meaning set forth in Paragraph 25. Sanden will produce Transactional Data only from existing electronic transactional databases, except that, to the extent Sanden has not recorded or maintained electronic Transactional Data, then Sanden will use reasonable efforts to produce existing hard copy records of sales transactions not recorded or maintained electronically in the existing electronic sales transactional database.

49.    _DOJ Documents_. To the extent that Sanden has not already produced such Documents, Sanden will use its reasonable best efforts to complete the production of the following Documents, including all English translations, to the extent they exist, within sixty (60) days of preliminary approval of the Agreement:  Documents provided to or seized by the DOJ relating to its investigation into alleged competition violations with respect to Air Conditioning Systems in the same manner that was previously produced to the DOJ, including bates-numbers, load files and native files.

50.    _Additional Documents_. To the extent that Sanden has not already produced such Documents, Sanden will use its reasonable best efforts to complete the production of the following Documents, including all English translations, to the extent they exist, within sixty (60) days of receipt of Automobile Dealership Plaintiffs' written request but no earlier than six (6) months after the Execution Date:  (1) Documents provided to or seized by Government Entities (other than the DOJ) relating to their investigation into alleged competition violations with respect to Relevant Air Conditioning Systems in the same manner that was previously produced to Government Entities, including bates-numbers, load files and native files; (2) Documents concerning a communication, meeting, or agreement regarding Relevant Air Conditioning Systems that have been collected and reviewed by Sanden or its counsel in connection with a communication, meeting, or agreement regarding Relevant Air Conditioning Systems by any employee, officer, or director of Sanden with any employee, officer, or director of another manufacturer or seller of Air Conditioning Systems, but that were not provided to or seized by Government Entities; (3) Documents sufficient to show Sanden's determination of their prices for Relevant Air Conditioning Systems; (4) Documents concerning any requests for quotation ("RFQ") from OEMs or post-award price adjustment, including any bids submitted in

response to such RFQs, award notifications for such RFQs, and post-award price adjustments that were part of such RFQs for Relevant Air Conditioning Systems (collectively "RFQ-related Documents") that were subject to collusion; and (5) upon Automobile Dealership Plaintiffs' request, Sanden shall within sixty (60) days, but no earlier than six (6) months after the Execution Date, produce RFQ-Related Documents for up to twenty (20) additional RFQs specifically identified by Automobile Dealership Plaintiffs.  As to Documents in Sanden's possession, custody, or control that are not listed above, Sanden will consider in good faith any reasonable request made by Automobile Dealership Plaintiffs to collect and produce such Documents, provided the request would not impose an undue burden on Sanden.  If compliance with the forgoing Cooperation obligations in this Paragraph 50 presents an undue burden on Sanden, Automobile Dealership Plaintiffs will consider in good faith Sanden's reasonable request to address Sanden's burden.

51.    _Attorney Proffers and Witness Interviews_.   Additionally, Sanden shall use its reasonable best efforts to cooperate with Settlement Class Counsel as set forth in Paragraph 51 below.

(a)    Upon receipt of Settlement Class Counsel's written request, Sanden's counsel will make themselves available at 303 Colorado Street, Suite 2300, Austin, Texas 78701, and via telephone, for two (2) meetings of one (1) business day each to provide attorney's proffers of facts known to them.  Thereafter, Sanden's counsel will make themselves available for reasonable follow-up conversations in connection with the attorney's proffers, and will use reasonable best efforts to respond to questions posed by Settlement Class Counsel.  Upon receipt of Settlement Class Counsel's written request, Sanden further agrees to make:  (i) eight (8) persons available for a single interview each; (ii) make the same persons available for a single

deposition each; (iii) provide declarations or affidavits from the same persons; and (iv) make those persons available to testify at trial in the Action. The interviews and the depositions shall be conducted at a mutually agreed-upon location in the States of Hawaii, California, Texas, or Michigan, and shall be limited to a total of seven (7) hours over one (1) day unless the deposition is in a language other than English, in which case the deposition shall be limited to a total of thirteen (13) hours over two (2) days.

(b)      In addition to its Cooperation obligations set forth herein, Sanden agrees to produce through affidavit(s), declaration(s), and/or at trial, in Settlement Class Counsel's discretion, representatives qualified to authenticate, establish as business records, or otherwise establish any other necessary foundation for admission into evidence of any Documents or transactional data produced or to be produced by Sanden. Settlement Class Counsel agrees to use their best efforts to obtain stipulations that would avoid the need to call Sanden witnesses at trial for the purpose of obtaining such evidentiary foundations.

52.      Sanden's obligations to provide Cooperation shall not be affected by the releases set forth in this Settlement Agreement.   Unless this Agreement is rescinded, disapproved, or otherwise fails to take effect, Sanden's obligations to provide Cooperation under this Agreement shall continue only until otherwise ordered by the Court, or the date settlements with all Defendants in the Action receive final approval, whichever occurs first.   For purpose of this Paragraph, the term "final" shall have the same meaning as set forth in Paragraph 25.

53.      In the event that this Agreement fails to receive final approval by the Court, including final approval of the Settlement Class as defined in Paragraph 16, or in the event that it is terminated by either party under any provision herein, the parties agree that neither Automobile Dealership Plaintiffs nor Settlement Class Counsel shall be permitted to introduce

into evidence against Sanden, at any hearing or trial, or in support of any motion, opposition or other pleading in the Action or in any other federal or state or foreign action alleging a violation of any law relating to the subject matter of the Action, any Documents provided by Sanden and/or the other Releasees, their counsel, or any individual made available by Sanden pursuant to Cooperation (as opposed to from any other source or pursuant to a court order). This limitation shall not apply to any discovery of Sanden, which Settlement Class Counsel participate in as part of the MDL Litigation. Notwithstanding anything contained herein, Automobile Dealership Plaintiffs and the Settlement Class are not relinquishing any rights to pursue discovery against Sanden in the event that this Agreement fails to receive final approval by the Court, including final approval of the Settlement Class as defined in Paragraph 16, or in the event that it is terminated by either party under any provision herein.

54.    Sanden and other Releasees need not respond to formal discovery requests from Automobile Dealership Plaintiffs or otherwise participate in the Action during the pendency of this Agreement, with the exception of the Cooperation provisions set forth above in Paragraphs 41-52. Other than to enforce the terms of this Agreement, neither Sanden nor Automobile Dealership Plaintiffs shall file motions against the other, in the Action, during the pendency of this Agreement.

55.    If Settlement Class Counsel believes that Sanden or any current or former employee, officer, or director of Sanden has failed to cooperate under the terms of this Agreement, Settlement Class Counsel may seek an Order from the Court compelling such cooperation. Nothing in this provision shall limit in any way Sanden's ability to defend the level of Cooperation it has provided or to defend its compliance with the terms of the Cooperation provisions in this Agreement.

56.    Any Cooperation Materials provided by Sanden are governed by Protective Orders entered in or governing other cases in the MDL Litigation (*e.g.*, *Wire Harness Systems*, No. 12-md-02311 (E.D. Mich. Jul. 7, 2012 ECF No. 200)), including the limitations contained in the Protective Orders on the uses to which information may be put and the persons to whom disclosure may be made, and may be designated "Confidential" or "Highly Confidential" as provided in the Protective Order. Automobile Dealership Plaintiffs further agree that, within sixty (60) days of (i) this Agreement either being rescinded, disapproved, terminated, or otherwise failing to take effect, or (ii) final judgment has been entered by the Court against all Defendants in the Action, unless otherwise agreed by Sanden, Automobile Dealership Plaintiffs must return or destroy all Cooperation Materials received from Sanden.  For purposes of this Paragraph, "final" shall have the meaning set forth in Paragraph 25.

H.    <u>Rescission if this Agreement is Not Approved or Final Judgment is Not Entered.</u>

57.    If the Court refuses to approve this Agreement or any part hereof, including if the Court does not certify the Settlement Class in accordance with the specific Settlement Class definitions set forth in this Agreement, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgments provided for in Paragraph 25 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed in its entirety, then Sanden and Automobile Dealership Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety. Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 69.  A modification or reversal on appeal of any amount of Settlement Class Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

58.    In the event that this Agreement does not become final as set forth in Paragraph 25, or this Agreement otherwise is terminated pursuant to Paragraph 57, then this Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to Sanden less only disbursements made in accordance with Paragraphs 30 and 33 of this Agreement. Sanden expressly reserves all rights and defenses if this Agreement does not become final.

59.    Further, and in any event, Automobile Dealership Plaintiffs and Sanden agree that this Agreement, whether or not it shall become final, and any and all negotiations, Documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of (i) any violation of any statute or law or of any liability or wrongdoing whatsoever by Sanden, or the other Releasees, to be used against Sanden, or of (ii) the truth of any of the claims or allegations contained in the Complaint or any other pleading filed in the MDL Litigation, to be used against Sanden, and evidence thereof shall not be discoverable or used in any way, whether in the MDL Litigation or in any other action or proceeding, against Sanden. Nothing in this Paragraph shall prevent Automobile Dealership Plaintiffs from using Cooperation Materials produced by Sanden against any other defendants in any action in the MDL Litigation to establish (i) or (ii) above.

60.    This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Releasee as provided in this Agreement.

61.    The parties to this Agreement contemplate and agree that, prior to final approval of the settlement as provided for in Paragraphs 21-26 hereof, appropriate notice (i) of the

settlement; and (ii) of a hearing at which the Court will consider the approval of this Agreement, will be given to the Settlement Class.

I.      Miscellaneous.

62.     Sanden shall submit all materials required to be sent to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

63.     This Agreement does not settle or compromise any claim by Automobile Dealership Plaintiffs or any Settlement Class Member asserted in the Complaint or, if amended, any subsequent complaint, against any Defendant or alleged co-conspirator other than Sanden. All rights against such other Defendants or alleged co-conspirators are specifically reserved by Automobile Dealership Plaintiffs and the Settlement Class. All rights of any Settlement Class Member against any and all former, current, or future Defendants or co-conspirators or any other person other than Sanden and the other Releasees, for sales made by Sanden and Sanden's alleged illegal conduct are specifically reserved by Automobile Dealership Plaintiffs and Settlement Class Members. Sanden's sales to the class and its alleged illegal conduct shall, to the extent permitted or authorized by law, remain in the Action as a basis for damage claims and shall be part of any joint and several liability claims against other current or future Defendants in the Action or other persons or entities other than Sanden and the other Releasees. Sanden shall not be responsible for any payment to Automobile Dealership Plaintiffs other than the amount specifically agreed to in Paragraph 29 of this Agreement.

64.     The United States District Court for the Eastern District of Michigan shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Automobile Dealership Plaintiffs and Sanden, including challenges to the

reasonableness of any party's actions. This Agreement shall be governed by and interpreted according to the substantive laws of the state of Michigan without regard to its choice of law or conflict of laws principles. Sanden will not object to complying with any of the provisions outlined in this Agreement on the basis of jurisdiction.

65.     This Agreement constitutes the entire, complete and integrated agreement among Automobile Dealership Plaintiffs and Sanden pertaining to the settlement of the Action against Sanden, and supersedes all prior and contemporaneous undertakings, communications, representations, understandings, negotiations and discussions, either oral or written, between Automobile Dealership Plaintiffs and Sanden in connection herewith. This Agreement may not be modified or amended except in writing executed by Automobile Dealership Plaintiffs and Sanden, and approved by the Court.

66.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Automobile Dealership Plaintiffs and Sanden. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Automobile Dealership Plaintiffs or Settlement Class Counsel shall be binding upon all Settlement Class Members and Releasors. The Releasees (other than Sanden entities which are parties hereto) are third-party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

67.     This Agreement may be executed in counterparts by Automobile Dealership Plaintiffs and Sanden, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

68.     Neither Automobile Dealership Plaintiffs nor Sanden shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule

of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

69.    Where this Agreement requires either party to provide notice or any other communication or Document to the other, such notice shall be in writing, and such notice, communication or Document shall be provided by facsimile, or electronic mail (provided that the recipient acknowledges having received that email, with an automatic "read receipt" or similar notice constituting an acknowledgement of an email receipt for purposes of this Paragraph), or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

70.    Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement subject to Court approval.

*[signature pages follow]*

Dated: February _8_, 2018

*Don Barrett by JWC w/ permission*

Don Barrett
David McMullan
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488

Jonathan W. Cuneo
Joel Davidow
Jennifer E. Kelly
Yifei Li
CUNEO GILBERT & LaDUCA, LLP
Suite 200
4725 Wisconsin Avenue, NW
Washington, DC 20016
Telephone: (202)789-3960

*Shawn Raiter by JWC w/ permission*

Shawn M. Raiter
LARSON • KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500

*Interim Co-Lead Class Counsel and Settlement Class Counsel for Automobile Dealership Plaintiffs*

Dated: February 12, 2018

J. David Rowe
Millicent Lundburg
**DUBOIS, BRYANT & CAMPBELL, LLP**
Colorado Tower
303 Colorado, Suite 2300
Austin, TX 78701
Telephone: (512) 457-8000
Facsimile: (512) 457-8008
drowe@dbcllp.com
mlundburg@dbcllp.com

Robert Linkin w/ permission by JDR

Robert E. Linkin
**DUGGINS WREN MANN & ROMERO LLP**
600 Congress Avenue, Suite 1900
P.O. Box 1149
Austin, TX 78767
Telephone: (512) 744-9300
Facsimile: (512) 744-9399
rlinkin@dwmrlaw.com

*Attorneys for Defendants Sanden Corporation,*
*Sanden Automotive Climate Systems Corp.,*
*Sanden Automotive Components Corp., and*
*Sanden International (U.S.A.) Inc.*